IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**         CASE NO. 3:23 CR 622

    Plaintiff,

    v.         JUDGE JAMES R. KNEPP II

**GURSHARN SINGH,**[1]

    Defendant.         **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is *pro se* Defendant Gursharn Singh's Motion for Sentence Reduction. (Doc. 27). The Government opposes (Doc. 28) and Singh replies (Doc. 29). For the reasons discussed below, Singh's motion is denied.

## BACKGROUND

In October 2023, Singh was charged in a criminal complaint with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. (Doc. 1). On December 6, 2023, he was indicted for the same offense. (Doc. 12).

On October 8, 2024, Singh pled guilty to the indictment. According to the Government, at the request of defense counsel, it scheduled a "Safety Valve" interview with Singh pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2, but Singh ultimately refused to

---

1. On the first page of Singh's motion, he lists his co-Defendant Gurpinder Singh's name in the caption. *See* Doc. 27, at 1. However, the name/signature and Bureau of Prisons Register Number at the end of the motion makes clear it is brought by Gursharn Singh. *See id.* at 27.

participate. *See* Doc. 28, at 1. As a result, Singh remained subject to the 120 month (ten year) mandatory minimum sentence under 21 U.S.C. § 841(a)(1) and (b)(1)(A). *See* Doc. 19, at 9.

On May 6, 2025, this Court sentenced Singh to the mandatory minimum 120 months imprisonment, followed by five years' supervised release. *See* Doc. 22 (Judgment).

## DISCUSSION

Although Singh filed his motion on a form indicating he seeks sentence reduction pursuant to the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A), he substantively argues for a reduction based on recent changes to the United States Sentencing Guidelines. *See* Doc. 27, at 7-8, Doc. 29. For the reasons set forth below, the Court finds Singh has not demonstrated entitlement to the relief he seeks.

A district court generally lacks authority to "modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). 18 U.S.C. § 3582(c)(1) – the compassionate release provision upon which Singh relies as the basis for his motion – states:

> **(c) Modification of an imposed term of imprisonment.** --The court may not modify a term of imprisonment once it has been imposed except that--
>
> **(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> * * *

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1). Thus, release under this subsection is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction[,]" (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission[,]" and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quotations omitted). District courts "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others;" but "in granting a compassionate-release motion, district courts must address all three steps." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[2]

Section 3582(c) does not define "extraordinary and compelling." But a Sentencing Commission policy statement addresses sentence reductions under 18 U.S.C. § 3582(c)(1)(A). The policy statement identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence. U.S.S.G. § 1B1.13(B)(1)–(6) (effective November 1, 2023).[3] These are: (1) medical circumstances of the defendant; (2) the age

---

2. Singh has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) as he e-mailed a request for compassionate release to the Warden of his present institution on October 31, 2025, and the present motion was filed more than 30 days after the submission of that request. *See* Doc. 27, at 4; Doc. 28, at 3.

3. Until late 2023, the policy statement set forth in § 1B1.13 was not binding on this Court in evaluating motions for compassionate release filed directly by prisoners. The version of § 1B1.13 in effect until November 1, 2023, was adopted before the First Step Act, and therefore did not account for the fact that defendants are now permitted to file their own motions for compassionate release. The Sixth Circuit therefore held it was not an "applicable" policy statement under 18 U.S.C. § 3582(c)(1)(A), and "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts [had] discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-. The policy statement effective

of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).[4]

In his motion, Singh does not indicate his request falls into any of these identified categories. *See* Doc. 27, at 5-6. Instead, he argues a recent change in the Sentencing Guidelines changes his base offense level and qualifies him for a sentence reduction. *See id.* at 6 (citing November 1, 2025 amendment to U.S.S.G. § 3B1.2).[5]

Such a request falls under 18 U.S.C. § 3582(c)(2). That subsection provides:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant Sentencing Commission policy statements endorse such sentence reductions based only on certain amendments made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(1), (d); *Clemons v. United States*, 102 F. App'x 933, 935

---

November 1, 2023, now begins: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (emphasis added). As such, it is now an "applicable" policy statement with which any sentence reduction must be "consistent". 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) ("The amendment revised the Commission's position on what may count as an extraordinary and compelling reason for relief, regardless of who files the motion.").

4. The Sixth Circuit, however, recently held that § 1B1.13(6) is entirely invalid and a non-retroactive change in the law cannot constitute an extraordinary and compelling reason for release. *See United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025).

5. Singh does not specifically identify this as Amendment 833, but cites an amendment to U.S.S.G. § 3B1.2(a) that went into effect November 1, 2025. This is Amendment 833.

(6th Cir. 2004) ("Since the Sentencing Guidelines do not provide that [a particular amendment] is to be given retroactive effect, Clemons may not obtain a reduction of his sentence in a § 3582(c) motion [based on that amendment].").

Singh argues for a reduction based on Amendment 833, which amended, *inter alia*, U.S.S.G. §§ 2D1.1(a)(5) and 3B1.2. *See Amendment 833*, U.S. Sent'g Comm'n, http://www.ussc.gov/guidelines/amendment/833. But Amendment 833 is not listed at U.S.S.G. § 1B1.10(d), the Sentencing Commission policy statement enumerating amendments that can support a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(1), (d). Retroactive application of Amendment 833 is therefore not consistent with the policy statements of the Sentencing Commission and cannot serve as the basis for a sentence reduction pursuant to § 3582(c)(2). *See, e.g.*, *United States v. Polanco-Gonzalez*, 2026 WL 179682, at *1 (S.D.N.Y.); *United States v. Leones*, 2025 WL 3537608, at *2 (M.D. Fla.).

Even if Amendment 833 were retroactive, it would not apply to reduce Singh's sentence. Amendment 833 "contains two subparts to address concerns that § 2D1.1 and § 3B1.2 (Mitigating Role) as they currently apply in tandem do not adequately account for the lower culpability of individuals performing low-level functions in a drug trafficking offense." *See Amendment 833*, U.S. Sent'g Comm'n, http://www.ussc.gov/guidelines/amendment/833. But here, Singh was sentenced to a statutory mandatory minimum term of imprisonment. A defendant's sentence may not be "less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c); *see also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009), *cert. denied*, 558 U.S. 920 (2009) (holding a defendant was ineligible for sentence reduction when he received the statutory mandatory minimum); *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (same). In the final PSR, Singh's guideline range calculation was 87 to 108 months, but the guideline term was 120

months based on the statutory mandatory minimum. *See* Doc. 19, at 9. That is, the mandatory minimum sentence was already above the calculated guideline range. This would remain true for any re-calculated guideline range based on the Amendment. Thus, even if Amendment 833 applied retroactively, it would not change Singh's statutorily-mandated minimum sentence.

Finally, although Singh presents arguments under the § 3553(a) factors, the Court cannot reach that step of the sentence reduction analysis without a showing of "extraordinary and compelling circumstances." And Singh has not demonstrated such circumstances here.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Singh's Motion for Sentence Reduction (Doc. 27) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Date: February 10, 2026